ANDERSON, Justice
(concurring).
I concur in the majority opinion, but I write separately to emphasize the unusual nature of the facts in this case that support summary judgment. What makes this case a candidate for summary judgment is the complete absence of any genuine issues of material fact, including the absence of any indication of adversity between Gordon Brown and his wife in the context of the dissolution of their marriage and the absence of any evidence indicating that the transfers were made for a legitimate purpose rather than to defraud Gordon Brown’s creditors.
The question of insider status will normally be a disputed issue requiring a finder of fact. See In re Petters Co., Inc., 499 B.R. 342, 366 (Bankr.D.Minn.2013) (“Because non-insider status is fact-intensive, a plaintiff-trustee’s assertion of it is not to be finally determined on a motion to dismiss as long as sufficient facts have been pleaded toward the two considerations.”). In my view, not much is required to move an “uncontested” divorce proceeding into the adversarial category. Indeed, the presence of financial pressure because of collapsing business interests is frequently a contributing factor in a marriage dissolution. But many contested, disputed, or adversarial marriage dissolutions, with varying degrees of intensity, eventually become “stipulated” for purposes of dissolving the marriage. Thus, the fact that a divorce is labelled “stipulated” or appears *67 uncontested in the final proceeding does not necessarily mean that the divorce was not adversarial. And in adversarial divorces, even adversarial divorces that are eventually labelled “stipulated,” it may well be that the former spouse receiving the transfer does not have insider status, thus eliminating one badge of fraud. See Minn.Stat. § 513.44(b)(1) (2012) (listing insider status as a badge of fraud). But all the facts here point away from the conclusion that the dissolution was even remotely adversarial, and thus there is no genuine issue of material fact about whether the transfer in this case was made to an insider.
Similarly, the presence of multiple badges of fraud does not mean summary judgment for the creditor is automatically warranted. Badges of fraud serve as indicators that the debtor intended to commit fraud. See Max Sugarman Funeral Home, Inc. v. A.D.B. Investors, 926 F.2d 1248, 1254-55 (1st Cir.1991) (“The presence of a single badge of fraud may spur mere suspicion; the confluence of several can constitute conclusive evidence of an actual intent to defraud....”) (citation omitted). But, as the majority notes, any presumption created by the presence of badges of fraud can be rebutted by evidence that shows the party’s actual intent was not to defraud creditors and that the transfer was made for some legitimate purpose. Brown v. Third Nat’l Bank (In re Sherman), 67 F.3d 1348, 1354 (8th Cir. 1995) (noting that badges of fraud “can constitute conclusive evidence of actual intent to defraud, absent ‘significantly clear’ evidence of a legitimate supervening purpose”) (emphasis added) (citation omitted) (internal quotation marks omitted). For example, it is not difficult to imagine the circumstance of a business owner in deep financial trouble, who enters into a stipulation terminating the marriage on terms that look more favorable to his or her spouse, but fully expects the business enterprise to recover and intends to be able to pay back creditors after that recovery. “Near death” experiences for businesses are hardly rare, and so a transfer during dissolution may not necessarily indicate intent to defraud creditors. In addition, our family courts properly take into account a variety of factors including the age, occupation, health, skills, employability, and needs of each party to a marital dissolution. Minn.Stat. § 518.58, subd. 1 (2012). Thus, what may look like a transfer to hide or preserve assets to an outside creditor or a court reviewing on summary judgment, may in fact be a perfectly reasonable dissolution of marriage based on the specific situations of those involved and have nothing to do with avoiding creditors.
Therefore, the question of a party’s intent to defraud creditors through a marriage-dissolution transfer will often be a question of fact to be resolved by a fact-finder even when badges of fraud are present, and not an issue that can be decided on summary judgment. Here, however, the Browns largely chose to focus on legal arguments relating to judicial duties in reviewing dissolution decrees rather than submit evidence of actual intent. The absence of evidence regarding a legitimate purpose for the transfers is such that not only have the Browns failed to rebut the presumption of fraud established by the badges, the Browns have failed to even create a genuine issue of fact.
Thus, while summary judgment in favor of the creditor -will normally be inappropriate because of the number of fact-intensive issues presented in a case like this one, here, there is no evidence creating genuine issues of fact on the claims of insider status or a legitimate purpose for the transfer of assets. Because no genuine issue of material fact exists, I agree that summary judgment is appropriate in this case. *68 Therefore, I join in the majority opinion, but note that caution should be the watchword when evaluating summary judgment motions in spousal transfer cases where fraud is alleged.